UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAR TRIPLETT,

                Plaintiff,

-against-

SUPERINTENDENT, GREAT MEADOW
CORRECTIONAL FACILITY,

                Defendant.

24-CV-1696 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. By order dated March 14, 2024, the Court transferred this action to the United States District Court for the Northern District of New York. That court acknowledged receipt on March 26, 2024. In a letter dated October 28, 2024, and entered on the court's docket on November 19, 2024, Plaintiff seeks, among other things, to have the action "retransfer[ed]" back to this court.[1] (ECF 5, at 5.)

## DISCUSSION

    The transfer of a case generally divests the transferor court of jurisdiction over the action. *See Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on a motion following physical transfer of case). A transferor court retains jurisdiction, however, in at least two circumstances. First, if the party seeking review of the transfer order acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court," the transferor court retains jurisdiction and can address such a request. *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995); *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor

---

[1] Plaintiff also filed the same letter in his action pending in the Northern District of New York. *See Triplett v. Superintendent*, No. 9:24-CV-0419, ECF 5 (N.D.N.Y. Nov. 6, 2024).

court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Second, the transferor court retains jurisdiction if the Court "lacked power to issue the order of transfer" because the transferee district was not one where the action might have been brought. *See Warrick*, 70 F.3d at 739. There is some authority that "a district court may, at least if it is so instructed by a superior court, 'request the transferee court to return the case.'" *Williams v. United States*, No. 09-CV-2179, 2015 WL 4743534, at *7 (S.D.N.Y. Aug. 11, 215) (quoting *Warrick*, 70 F.3d at 740). However, "[e]ven where the issue is lack of power, those attacking a transfer order should move swiftly for interim relief." *Farrell v. Wyatt*, 408 F.2d 662, 664 (2d Cir. 1969).

Here, the transferee court acknowledged receipt of this action on or about March 26, 2024, and Plaintiff did not file this letter until October 2024, long after the transfer had already taken effect. Thus, the transfer of this action divested the Court of jurisdiction to act in this matter.[2] Additionally, Plaintiff makes no sufficient argument that the transfer was void because the Northern District of New York was not a district where the action might have been brought. Plaintiff seeks to sue employees of Great Meadows Correctional Facility with respect to events that occurred at Great Meadow Correctional Facility. Under the venue statute, 28 U.S.C. § 1391(b)(2), the action clearly could have been brought in the Northern District of New York

---

[2] On June 5, 2024, the court received another letter from Plaintiff in which he criticized the court and restated the allegations in his complaint. (ECF 4.) Even if that letter could be construed as a request for the Court to reconsider its transfer order, it too was filed months after the Northern District of New York received the action and this Court was divested of jurisdiction.

because that is where the events giving rise to his claims occurred. Accordingly, there is no basis for requesting that the Northern District of New York return this action.[3] Plaintiff's objection to transfer is therefore dismissed for lack of jurisdiction.

## CONCLUSION

Plaintiff's objection to the transfer of this action (ECF 5) is dismissed for lack of jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 21, 2024
       New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] In any event, by text order and judgment dated November 6, 2024, the Northern District of New York dismissed the action due to Plaintiff's failure to pay the filing fees or submit an application to proceed *in forma pauperis* and inmate authorization. *See Triplett*, No. 9:24-CV-0419, ECF 6, 7.

3